7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Russell Reese BROWN, Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 No. 93-1649.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 5, 1993.
Filed: October 12, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Russell R. Brown appeals the tax court's affirmance of the Commissioner's decision to disallow Brown's claim of dependency exemptions, head-of-household filing status, child care credits, and earned income credits for the tax years 1986, 1987, and 1988. We affirm.
 
 
 2
 Brown was divorced in 1984. His ex-wife received custody of their two children. The parties agreed informally that Brown would contribute more child support than their divorce decree required and would claim the children as dependents for tax purposes. Although this arrangement might have achieved the desired tax effect when made, unfortunately for Brown 26 U.S.C. § 152(e)(4) was amended effective January 1, 1985, to require a "written declaration" by the custodial parent, attached to the noncustodial parent's tax return, before the noncustodial parent may claim the children as exemptions. The Tax Court found that Brown and his exwife had no such written agreement for the tax years in question, a finding that doomed Brown's claims for all of the tax benefits at issue.
 
 
 3
 After carefully reviewing the record, we conclude that the Tax Court's findings that Brown's ex-wife had custody of the children and there was no written agreement awarding Brown the dependent exemptions are not clearly erroneous. Brown argues that the Commissioner should not be able to deny him the dependent exemptions without proof that his ex-wife used the exemptions to reduce her income tax liability. Although there is a good deal of practical fairness in this contention, Congress provided in the Internal Revenue Code that the noncustodial parent must prove his or her right to the exemptions without regard to whether the custodial parent is able and willing to claim them. As we have no authority to rewrite the tax code, the decision of the Tax Court must be affirmed.